SLOAN v. McKANE.

(Supreme Court, Appellate Division, Second Department. March 19, 1909.)

1. CORPORATIONS (§ 121*)—STOCK—TRANSFER OF SHARES—SALES—DAMAGES.

The measure of damages for failure to deliver stock according to a contract of sale is the difference between the purchase price and the market price at the time when it should have been delivered.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 505; Dec. Dig. § 121.*]

2. CORPORATIONS (§ 121*)—STOCK—TRANSFER OF SHARES—SALES.

Where a contract to sell stock contemplated delivery on demand, and the purchaser's demand, authorizing the seller to draw on him for the price, was refused without objection to the mode of payment tendered, the breach of the contract occurred at the time of the demand, and the purchaser's right to damages became fixed as of that date.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 505; Dec. Dig. § 121.*]

Appeal from Special Term, Richmond County.

Action by John Sloan against John McKane. From a judgment for plaintiff, he appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Martin S. Lynch, for appellant.

George M. Pinney, Jr. (Jno. J. Adams, on the brief), for respondent.

WOODWARD, J. On the 12th day of February, 1904, the defendant entered into a contract to sell to the plaintiff 5,000 shares of stock in the Tonopah Extension Mining Company at the agreed price of 25 cents per share; the market price of such stock being admitted to be about 60 cents at that time, and the consideration being certain alleged services rendered by the plaintiff to the defendant in financing the property. The plaintiff made a demand for his stock upon one Dr. Ward, the syndicate manager, on the 12th day of February, 1904, and was told that the defendant had not authorized the delivery. On the following day the plaintiff wrote the defendant:

"I have just seen Dr. Ward, and he says he has not received any orders from you as yet regarding the 5,000 shares of Extension for me. Will you kindly send him proper instructions."

No reply was made to this letter, and on the 13th day of June, 1904, the plaintiff wrote the defendant asking him to "send these certificates so they will reach me not later than July 1st, drawing at the same time

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date; & Rep'r Indexes

for the amount that I would owe you on them." The plaintiff like-wise testified that he expected the stock to be delivered to him within a reasonable time; his demands indicating this construction of the contract, which was without time specially mentioned for such delivery. The defendant made no reply to the demand letter of June 13, 1904, and the matter was allowed to drift until August 4, 1905, when the plaintiff made a formal tender of the purchase price of 25 cents per share, with accrued interest from the date of the contract, and demanded the stock, which was refused. At that time the market price of the stock had advanced to something over $5 per share, and the plaintiff contends that the breach of the contract occurred at that time, and that he is entitled to the difference between the purchase price and the price at the time of the tender. Upon the trial defendant conceded that the plaintiff was entitled to the difference between the purchase price and the price at the time when the stock should have been delivered, and the learned trial court fixed upon the 1st day of July, 1904, the time at which the plaintiff made the demand for delivery in his letter of June 13, 1904, as the time when the delivery should have been made, and directed a verdict accordingly.

In thus disposing of the case the court has adopted the measure of damages indicated in Wildes v. Robinson, 50 App. Div. 192, 63 N. Y. Supp. 811, and the one consistent with all the authorities we have examined, and we think the plaintiff has no reason to complain either in law or under the equities as they appear in this case. The evidence indicates quite clearly that the plaintiff performed few, if any, services for the defendant in respect to the transaction, and that the sale of the 5,000 shares at 25 cents per share, when the market price was at about 60 cents per share, was practically a gratuity. That the contract contemplated a delivery in a reasonable time, or on demand, is clear from the plaintiff's own evidence of what he did, and the fact that the defendant failed to deliver the stock on the written demand of June 13, 1904, when the plaintiff asked that it be delivered on the 1st day of July, drawing on him for the amount due upon the transaction, must be construed as the date of the breach of the contract. The demand for the delivery, authorizing the defendant to draw on him, was equivalent to a tender and demand (so long as the defendant did not base his refusal upon the method of payment tendered) for the purpose of fixing the plaintiff's rights, and he could at any time begin his action, just as he subsequently, and in January, 1905, threatened to do. In this letter, nearly seven months before his tender, on which he relies as fixing the date of the breach of contract, he says:

"I am writing you this letter to inform you that I have the papers ready to bring suit against you to recover this commission. Mr. Hall, Dr. Ward, Mr. Rowe, Chester Glass, and I hope Dr. Boles will act as witnesses in this case, and I do not propose to hold the matter up longer than to get a reply to this letter. I intend not only to secure this 5,000 shares of stock, which belongs to me, but I will also engage to show your associates," etc.

Clearly the plaintiff then claimed a breach of the contract, an existing right of action to secure the stock, and it would hardly comport with a sound administration of the law to permit him to fix a later date simply because the stock had rapidly advanced in value. We

think every consideration of equity and justice demands that the judgment appealed from should be affirmed; the court having properly held that the breach of the contract occurred at the time of the plaintiff's formal demand, coupled with an authority to draw upon him for the amount of the purchase price. The defendant could. waive the method of payment tendered and accept the demand as of that date, and the plaintiff's rights became fixed as of that date.

The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.